N THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RENEE LYNN EMRICK                                                                                    PLAINTIFF

vs.                                        Civil No. 4:11-cv-04046

MICHAEL J. ASTRUE                                                                                     DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Renee Lynn Emrick ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.      **Background:**

Plaintiff protectively filed her SSI application on August 27, 2007.  (Tr. 14, 78-80).  In her application, Plaintiff alleged she was disabled due to COPD, diabetes, and heart problems.  (Tr. 116).  Plaintiff alleged an onset date of March 19, 2003.  (Tr. 14, 78).  This application was denied initially and again on reconsideration.  (Tr. 46-47).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

Thereafter, Plaintiff requested an administrative hearing on her application, and this hearing request was granted. (Tr. 24-45, 55-72). An administrative hearing was held on March 17, 2009 in Hot Springs, Arkansas. (Tr. 24-45). At the administrative hearing, Plaintiff was present and was represented by Terry Diggs. *Id.* Plaintiff and Vocational Expert ("VE") Beth Clem testified at this hearing. *Id.* On the date of this hearing, Plaintiff was forty-seven (47) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (SSI), and had completed high school. (Tr. 31).

On August 12, 2009, subsequent to this hearing, the ALJ entered an unfavorable decision on Plaintiff's application. (Tr. 14-23). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 27, 2007, her application date. (Tr. 16, Finding 1). The ALJ determined Plaintiff had the following severe impairments: diabetes mellitus, type II; coronary artery disease, status post remote myocardial infarction; hip pain; and a history of chronic obstructive pulmonary disease. (Tr. 16-17, Finding 2). The ALJ also determined, however, Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 17-18, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 18-23, Finding 4). First, the ALJ found Plaintiff's subjective allegations were not supported by the overall evidence and were not fully credible. *Id.* Second, the ALJ found Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 416.967(b).

*Id.* The "full range of light work" includes the following:

> (b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the

weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 416.967(b).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 23, Finding 5). The VE testified at the administrative hearing on this issue. (Tr. 43-44). Specifically, the VE testified Plaintiff's PRW included work as a school aide (semi-skilled, medium) and as an order clerk (unskilled, light). *Id.* Based upon that testimony and Plaintiff's RFC, the ALJ determined Plaintiff retained the capacity to perform her PRW as an order clerk. (Tr. 23, Finding 5). Because she retained the capacity to perform her PRW, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from August 27, 2007 (her application date) through August 12, 2009 (ALJ's decision date). *Id.*

On September 1, 2009, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 9-10). *See* 20 C.F.R. § 404.968. On April 27, 2011, the Appeals Council declined to review this disability determination. (Tr. 6-8). On May 23, 2011, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on June 2, 2011. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 10-11. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g)

3

(2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

  It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

  To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly

limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In her appeal brief, Plaintiff raises the following three arguments for reversal: (A) the ALJ erred by failing to properly evaluate her cardiovascular disease; (B) the ALJ erred by finding she retained the RFC to perform light work; and (C) the ALJ erred by improperly evaluating her subjective complaints. ECF No. 10 at 1-20. In response, Defendant argues the ALJ properly evaluated whether Plaintiff's impairments met the requirements of the Listings, the ALJ properly determined Plaintiff retained the RFC for light work, and the ALJ properly evaluated the credibility of Plaintiff's subjective complaints. ECF No. 11. Because Plaintiff's second and third arguments can be grouped together, this Court will only address her first and third arguments for reversal.

    A. **Listing Evaluation**

Plaintiff claims her heart impairment meets the requirements of Listing 4.02. ECF No. 10 at 10-16. To meet the relevant requirements of this Listing, Plaintiff must demonstrate the following: (1) "Systolic failure . . . with left ventricular end diastolic dimensions greater than 6.0 cm or ejection

fraction of 30 percent or less during a period of stability (not during an episode of acute heart failure)" *and* (2) "Persistent symptoms of heart failure which very seriously limit the ability to independently initiate, sustain, or complete activities of daily living in an individual for whom an MC, preferably one experienced in the care of patients with cardiovascular disease, has concluded that the performance of an exercise test would present a significant risk to the individual."

According to Plaintiff's medical records, she has provided medical documentation indicating she meets the first requirement of this Listing. On December 20, 2007, she underwent a "nuclear medicine stress rest left ventricle study." (Tr. 398). As a result of that study, she was found to have an "abnormal ejection fraction, 30%." *Id.* Thus, this Court presumes Plaintiff has demonstrated she meets the first requirement of Listing 4.02.

However, to meet all the requirements of Listing 4.02, Plaintiff must also demonstrate the second part of Listing 4.02: a "very" serious limitation in activities of daily living. Plaintiff has not demonstrated she meets this second requirement. Indeed, at the administrative hearing in this matter, she testified she was able to perform nearly all of her household chores and was able to care for her seventeen-year-old child.[2] (Tr. 41-43). These household chores include sweeping, mopping, cooking, doing laundry, and doing yard work. *Id.* Further, in her "function report," she stated she took care of her dog and cat, had no problem taking care of her personal needs, was able to go outside 2 to 3 times a day, was able to go grocery shopping, and was able to go to church. (Tr. 116-126). Accordingly, this Court finds Plaintiff has not demonstrated her heart problem "very seriously limit[s]" her activities of daily living, and Plaintiff has not met her burden of demonstrating her

---

[2] Although it would seem a seventeen-year-old child would *assist* with chores, Plaintiff testified at the hearing in this matter that her child was a "typical teenager" and did not assist with the household chores. (Tr. 41-42).

impairment meets the requirements of this Listing. *See Carlson v. Astrue,* 604 F.3d 589, 593 (8th Cir. 2010) (holding the burden is on the claimant to establish his or her impairment meets or equals the requirements of a listing).

**B.      Credibility Determination**

Plaintiff claims the ALJ improperly discounted her subjective complaints of disabling pain, weakness, fatigue, and other limitations. ECF No. 10 at 17-20. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ performed a full and complete *Polaski* evaluation. First, the ALJ recognized the standard he was required to follow and outlined the *Polaski* factors in his opinion. (Tr. 18). Second, the ALJ noted several of those factors and found inconsistencies between Plaintiff's subjective complaints and the record as a whole. (Tr. 18-23). As further outlined above, the ALJ considered Plaintiff's extensive daily activities in discrediting her subjective complaints of disabling limitations. (Tr. 41-43). The ALJ considered Plaintiff's poor work history. (Tr. 22). He found such a poor work history raised a question as to whether her continued unemployment was due to a medical condition or due to a lack of motivation to work. *Id.*

The ALJ considered Plaintiff's poor treatment history. (Tr. 22). The ALJ noted Plaintiff had never sought or received treatment from a specialist but, instead, had received all her treatment from a general practitioner.[4] *Id.* The ALJ noted Plaintiff failed to follow-up on recommendations made by her treating doctors. (Tr. 22). One such recommendation was that she quit smoking. (Tr. 268,

---

[4] This was especially significant because Plaintiff alleges having a *per se* disability due to a heart impairment (Listing 4.02), and yet, did not continue to seek treatment from a cardiologist. (Tr. 28-29).

284, 394). The ALJ noted that as early as 2004, doctors had advised her to quit smoking. (Tr. 22). However, despite her heart and breathing problems, she continued to smoke on a daily basis. (Tr. 22).

Accordingly, because the ALJ's credibility determination was supported by "good reasons," it should be affirmed. *See Dixon v. Sullivan,* 905 F.2d 237, 238 (8th Cir. 1990) (holding "questions of credibility are for the trier of fact in the first instance. If an ALJ explicitly discredits a claimant's testimony and gives a good reason for doing so, we will normally defer to that judgment").

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **15th day of May 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE